UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RANDALL R. PARKER,<br><br>    Defendant. | Case No. 3:02-cr-00053<br><br>JUDGE TODD J. CAMPBELL |

To:    The Honorable Todd Campbell

## REPORT AND RECOMMENDATION

### I.    Introduction

By order entered May 24, 2016, the District Court referred to the Magistrate Judge Randall Parker's Motion to Return Seized Property. (Doc. Nos. 933, 936.)

On January 23, 2004, a jury convicted Parker of nine charges involving drug trafficking and money laundering, including the following counts of the Third Superseding Indictment:

- Count Two, Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C.§ 2;

- Count Four, Conspiracy to Commit Money Laundering with Intent to Further Specified Unlawful Activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

- Count Seven, Conspiracy to Commit Money Laundering with Intent to Disguise Drug Proceeds in violation of 18 U.S.C. §§ 2, 1956(h);

- Count Ten, Engaging in Monetary Transaction with Drug Proceeds in violation of 18 U.S.C. §§ 1957, 2;

- Count Thirteen, Possession Within 1000 Feet of a School of Five Kilograms or More of Cocaine with Intent to Distribute in violation of 21 U.S.C.§§ 841(a)(1) and 860;

1

- and Count Fifteen, Attempted Possession of Five Kilograms or More of Cocaine with Intent to Distribute in violation of 21 U.S.C.§ 846 and 18 U.S.C.§ 2.

(Doc. Nos. 394, 525.)

The jury also found that Parker must forfeit $10,500,000 in United States currency based on his convictions related to drug trafficking and $10,500,000 for those related to money laundering. (Doc. No. 398.)

Count Twenty-Five of the Third Superseding Indictment stated that if Parker were convicted of any of the violations charged, as relevant here, in Counts Two, Thirteen, or Fifteen, he:

> shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of said violation, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of said offense . . . .

(Doc. No. 338, PageID# 714–15.) Count Twenty-Six included similar language with respect to the money laundering counts, Counts Four, Seven, and Twelve. (*Id.* at 716.) The indictment further provided that if any of the property described above proved inadequate or unobtainable as set forth in 21 U.S.C. § 853(p)(1), the Government intended "to seek forfeiture of any other property of said defendant[] up to the value of the above forfeitable property." (*Id.* at 715, 717.)

On January 29, 2004, the district court entered a Preliminary Order of Forfeiture which included money judgments of $10,500,000 in United States currency for drug trafficking and $10,500,000 for money laundering. (Doc. No. 387.) On April 15, 2016, the Government moved for forfeiture as substitute property of a ring found on Parker's property. (Doc. No. 926.) The Government argued that the ring was subject to forfeiture because "due to the acts or omissions of the defendant . . . the actual proceeds were transferred or sold to, or deposited with, a third party." (Doc. No. 927, PageID# 4184–85.) The district court then entered a Preliminary Order of

Forfeiture authorizing the Secretary of the Treasury or his designee to seize as substitute property "a men's 14[-] carat gold diamond ring with a square face containing approximately 3.25 carat total weight diamonds valued at approximately $12,000." (Doc. No. 929, PageID# 4195.)

On May 20, 2016, Parker filed a *pro se* Motion to Return Seized Property, arguing that the Government lacked authority "to reopen [his] . . . forfeiture." (Doc. Nos. 933, 939.) The Government opposes the motion on the grounds that the ring is substitute property that qualifies for forfeiture pursuant to 21 U.S.C. § 853(p) based on the unavailability due to Parker's acts or omissions of the property the Court ordered forfeited. (Doc. No. 935, PageID# 4223.) As further explained below, the undersigned recommends that Parker's Motion to Return Seized Property be DENIED.

## II.     Conclusions of Law

Under 21 U.S.C. § 853(a), a defendant "shall forfeit . . . any property constituting, or derived from, any proceeds" of certain crimes, including, as relevant here, violations of 21 U.S.C. §§ 841, 846, and 860 and of 18 U.S.C. §§ 1956 and 1957. *See* 18 U.S.C. § 982(b)(1). If, because of some act of the defendant, the Government cannot obtain specific property that is subject to forfeiture, "the court shall order the forfeiture of any other property of the defendant." 21 U.S.C. § 853(p)(2). Once the court determines all of the property that is subject to forfeiture, "it must promptly enter a preliminary order of forfeiture" to that effect. Fed. R. Crim. P. 32.2(b)(2)(A). To obtain an order forfeiting property as a substitute asset, the criminal forfeiture statute requires the Government to show that, "as a result of any action or omission of the defendant," forfeited property:

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p)(1).

The Government was entitled to petition the Court for the inclusion of substitute property under § 853(p) because "due to the acts or omissions of the defendant . . . the actual proceeds were transferred or sold to, or deposited with, a third party," (Doc. No. 927, PageID# 4184–85), rendering the property ordered forfeited unavailable, s*ee United States v. Coffman*, 612 F. App'x 278, 282 (6th Cir. 2015). The Government complied with § 853(p) by submitting a motion and affidavit establishing that the Government has been unable to locate the drug trafficking proceeds that were forfeitable under § 853(a). (Doc. No. 927, PageID# 4184–85; Doc. No. 928, PageID# 4191–92.) The Government's motion and accompanying affidavit satisfy § 853(p) by stating that an investigation into the criminal proceeds and the assets currently held by Parker revealed that "the actual proceeds have been transferred or sold to, or deposited with, a third party." (Doc. No. 927, PageID# 4182–83; Doc. No. 928, PageID# 4190; Doc No. 928-1, PageID# 4193.) *See United States v. Gordon*, 710 F.3d 1124, 1166 (10th Cir. 2013) ("The Government generally has little difficulty in making the necessary showing [under § 853(p)]." (citation omitted)). Parker's argument that the Government lacked authority to move that the ring be forfeited is unavailing. Federal Rule of Criminal Procedure 32.2(e) authorizes a court, "[o]n the government's motion . . . [to] at any time enter an order of forfeiture or amend an existing order of forfeiture. . . to include" substitute property. Rule 32.2(e)(2) further directs that a court "must" enter such an order if the government demonstrates that the property is subject to forfeiture as substitute property. The Government has met this burden, as discussed above, and the Preliminary Order of Forfeiture for

the $21 million judgment listed "any other property" of Parker as substitute assets subject to forfeiture up to the amount of the judgment. (Doc. No. 386.)

Parker's argument that his lack of financial resources precludes forfeiture of the ring similarly fails. The Sixth Circuit has held that under § 853, a money judgment may be entered against a defendant who has no assets at the time of sentencing. *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) (citing a circuit consensus on this point). Finally, insofar as Parker argues that "the only thing [he] had to pay was a $700" assessment fee, the judgment belies this claim. (Doc. No. 525, PageID# 738 ("The defendant shall forfeit the defendant's interest in the following property to the United States: Count Twenty-Five (25): $10,500,000. Count Twenty-Six (26): $10,500,000.").)

The Government gives no reason why it waited almost six years after discovery of the ring to seize it as substitute property. Nonetheless, the language of Federal Rule of Criminal Procedure 32.2(e)(1)—"at any time"—permits this delay, perhaps in recognition of the fact that the Government may not know that additional substitution of property is necessary until it seeks to take possession of property and substitute property specified in prior orders of forfeiture. *See United States v. Hurley*, 63 F.3d 1, 24 (1st Cir. 1995). The undersigned finds that Parker's ring was properly seized and forfeited as a substitute asset.

## III. Recommendation

In light of the foregoing, the Magistrate Judge recommends that Parker's Motion to Return Seized Property (Doc. No. 933) be **DENIED**.

Any party has fourteen (14) days from the receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any

responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (*en banc*).

    Entered this 17th day of October, 2016.

                                                      ALISTAIR E. NEWBERN
                                                    United States Magistrate Judge