# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 3:02-0053 |
| | ) | Judge Sharp |
| **RANDALL R. PARKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

In this case that was transferred to the undersigned upon the retirement of Judge Campbell, the Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket No. 940) in which she recommends that Defendant Randall Parker's Motion to Return Seized Property (Docket No. 933) be denied. The net effect of that decision is that the Government lawfully moved for forfeiture of a $12,000 gold diamond ring as substitute property. Defendant has filed a "Memorandum of Law in Support of Petition In Response to Entry of Preliminary Order of Substitute Asset to Satisfy $10,500,000.00 Money Judgment" (Docket No. 949), which the Court construes as objections to the R & R.

Defendant's objections are without merit. He claims that at sentencing no fine was levied and that, while a special assessment of $700 was imposed, no monthly, weekly, or quarterly payments were required to be withdrawn from his inmate account. That may be true, but, in accordance with the jury verdict which found that Defendant should forfeit $10,500,00 on Count 25, and a like amount on Count 26, Judge Campbell entered a Preliminary Order of Forfeiture on January 29, 2004 that required Plaintiff to forfeit a combined $21,000,000 in United States currency or any other property as substitute assets. Because the money judgment had not been satisfied, Judge

1

Campbell, on April 14, 2016, entered a second Preliminary Order of Forfeiture of Substitute Asset (Docket No. 929) in the form of the gold ring.

Defendant also claims that because Judge Campbell found him unable to pay a fine at sentencing, this somehow indicates that the Court did not intend to make him pay a money judgment via forfeiture. However, that contention is belied by the fact that Judge Campbell (1) stated in the Judgment that Defendant was to forfeit $10,500,00 on each of Counts 25 and 26; and (2) entered the initial Preliminary Order of Forfeiture in accordance with the verdict of the jury. Moreover, the notion "that a personal money judgment forfeiture may not be entered against a defendant who has no assets at the time of sentencing . . . has been specifically rejected by a unanimous and growing consensus among the circuits." United States v. Hampton, 732 F.3d 687, 691 (6th Cir. 2013). This is hardly surprising since the relevant forfeiture statute states that "a person convicted of this subchapter . . . shall forfeit to the United States, irrespective of any provision of state law – (1) any property constituting, or derived from or any proceeds the person obtained directly or indirectly, as the result of such violation." 21 U.S.C. § 851. Such language indicates Congress intended forfeiture to be mandatory. Hampton, 753 F.3d at 691 (collecting cases).

Defendant also takes issue with the location of the ring and the timing of events. He notes that the briefcase which contained the ring was confiscated at the time of execution of the search warrant, yet nothing more was said for many years and not until long after the passing of a five-year statute of limitations. He also asserts that the Government has never established a nexus between the ring and the crimes for which he was convicted.

The short answer to all of these assertions is found in Rule 32.2 of the Federal Rules of Criminal Procedure. So far as relevant, the Rule provides:

> (e) Subsequently Located Property; Substitute Property.
>
> (1) In General. On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
>> (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or
>>
>> (B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.1(e). Thus, the Government may move to substitute property in an existing forfeiture order at any time. See United States v. Duboc, 694 F.3d 1223, 1228 (11th Cir. 2012) ("[N]o provision of 21 U.S.C. § 853 or the Federal Rules of Criminal Procedure otherwise limits the time during which the government may move to amend an existing criminal forfeiture order to seize property subject to forfeiture under § 853"); United States v. Baker, 227 F.3d 955, 970 (7th Cir. 2000) (stating that a criminal forfeiture order has the "effect of plac[ing] a judgment lien against [defendant] for the balance of his prison term and beyond").

Here, according to the Government, the ring was not discovered until IRS agents were clearing out a storage room and found the briefcase with the ring secreted in an inside pocket. Furthermore, while 21 U.S.C. § 853(a) identifies property subject to criminal forfeiture (*e.g.* property derived from a crime, or used to facilitate a crime), the statute also includes a provision for substitute property consisting of "any other property of the defendant, up to the value of" the money judgment imposed, id. §853(p)(2).

Accordingly, the R & R (Docket No.940) is hereby ACCEPTED and APPROVED and Defendant's Memorandum of Law (Docket No. 949) construed as objection thereto is hereby OVERRULED. Defendant's Motion to Return Seized Property (Docket No. 933) is DENIED. Finally, Defendant's Motion for Clarification (Docket No. 938) which asks Judge Campbell to clarify

whether he left Defendant's fine and forfeiture "close[d]" or "open," and asks Judge Campbell to send an order to Defendant's place of detention regarding the withdrawal of inmate funds from his trust account is DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE